UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY ALBERT MERRETT, et al.,

    Plaintiffs,

vs.                                                  Case No.  3:10-cv-1195-J-12MCR

LIBERTY MUTUAL INSURANCE
CORPORATION,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Amended Motion for Leave to File Amended Third Party Complaint (Doc. 29) filed April 29, 2011.  Defendant filed a response in opposition to the motion on April 28, 2011 (Doc. 68) and on May 20, 2011, Plaintiffs filed a Reply (Doc. 33).  Additionally, the Court heard oral argument on the Motion on June 8, 2011.  Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

This case stems from an automobile accident in which Plaintiff, Anthony Merrett, was injured by a car driven by Haley Bamping.  Plaintiff filed suit against Ms. Bamping and Audrey Franklin (who were both insured by Defendant, Liberty Mutual) and Legacy Construction of Jax, Inc. (the owner of the vehicle driven by Ms. Bamping).  That lawsuit was eventually settled and a consent judgment was entered against the three defendants.  As part of the settlement agreement, Ms. Bamping and Ms. Franklin

assigned to Mr. Merrett "any and all claims or rights of action they [had] or may have [had]" against Liberty Mutual.

After the consent judgment was entered, Mr. Merrett, Ms. Bamping, and Ms. Franklin instituted the present litigation against Liberty Mutual alleging bad faith, breach of contract, and breach of fiduciary duty. Rather than file a new case or an amended complaint in the existing state court litigation, the Plaintiffs elected to file a third-party complaint in the existing state court litigation. As Defendant, Liberty Mutual, points out, this third-party complaint labels Liberty Mutual as a third-party defendant even though it is being sued directly by Plaintiffs. Also, Ms. Bamping and Ms. Franklin are listed as defendants even though they are not being sued by any party. Additionally, Legacy Construction is listed in the caption even though it is not being sued by any party, nor is it suing any party. The Court agrees that the third-party complaint is, in reality, an amended complaint in which Mr. Merrett, Ms. Bamping, and Ms. Franklin are alleging claims against Liberty Mutual.[1]

After being served with the new complaint against it, Defendant removed the case to this Court and filed a Motion to Dismiss (Doc. 3) arguing that the case should be dismissed because: (1) Ms. Bamping and Ms. Franklin had no standing to sue Defendant because they assigned their rights to Mr. Merrett, (2) the bad faith and breach of fiduciary counts were premature, (3) the breach of fiduciary duty count was duplicative of the bad faith count, and (4) the breach of contract count was undermined

---

[1] For that reason, the Court will refer to Mr. Merrett, Ms. Bamping, and Ms. Franklin as Plaintiffs and Liberty Mutual as Defendant.

by the terms of the insurance contract.  (Doc. 3).  Plaintiff responded to the Motion to Dismiss and also filed a Motion for Remand.  (Docs. 8 and 12).

Judge Melton heard oral argument on the Motion to Dismiss during which Plaintiffs announced their intention to file a motion to amend seeking to amend the complaint to add three new defendants and eight new claims.  (Doc. 22).[2]  The new defendants are: (1) Karen Marquis, who was a Liberty Mutual employee and was the primary claim adjuster on the insurance claim at issue; (2) Crawford & Company ("Crawford"), a company retained by Liberty Mutual to assist with the delivery of a check to Mr. Merrett shortly after his accident and with portions of the claim investigation; and (3) Scott Dinkel, the Crawford employee who performed the work requested by Liberty Mutual.  The eight new claims Plaintiffs seek to add are all filed by Ms. Bamping and Ms. Franklin and include: (1) Count IV for tortious interference with contract against Ms. Marquis, (2) Count V for professional negligence against Ms. Marquis, (3) Count VI for respondeat superior liability against Liberty Mutual for the professional negligence of Ms. Marquis, (4) Count VII for tortious interference with contract against Crawford, (5) Count VIII for professional negligence against Crawford, (6) Count IX for tortious interference against Mr. Dinkel, (7) Count X for professional negligence against Mr. Dinkel, and (8) Count XI for respondeat superior liability against Crawford for Mr. Dinkel's professional negligence.

Plaintiffs argue they should be permitted to file their amended complaint because Rule 15's liberal standard states that leave to amend "shall be freely given when justice

---

[2] As such, Judge Melton took the Motion to Dismiss under advisement.  (Doc. 21).

so requires." (Doc. 29, p.2) (quoting Rule 15(a) of the Federal Rules of Civil Procedure). Defendant responds the amendment should not be permitted as it is clearly an attempt by Plaintiffs to destroy diversity jurisdiction.[3] (Doc. 28). Defendant notes that in cases where a plaintiff seeks to add a new party who would destroy diversity jurisdiction, Rule 15(a) does not apply and instead, the court should consider the request pursuant to the provisions of 28 U.S.C. §1447(e). Id. Defendant argues that when Plaintiffs' request is scrutinized pursuant to the requirements of section 1447(e), it is clear the amendment should not be permitted. Id.

## II. ANALYSIS

As an initial matter, the Court agrees with Defendant that to the extent Plaintiffs' proposed amendment of the complaint seeks to add Ms. Marquis and Mr. Dinkel, who are not diverse in citizenship from Plaintiffs, it is a post-removal amendment which would destroy this Court's diversity jurisdiction and therefore, 28 U.S.C. §1447(e) applies. Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more

---

[3] Plaintiffs are all citizens of Florida and proposed defendants, Ms. Marquis and Mr. Dinkel are also citizens of Florida. Proposed defendant, Crawford is a resident of Georgia.

-4-

closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150 (1989); see also Sexton v. G & K Services, Inc., 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999). Before allowing such an amendment, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

Sexton, 51 F.Supp.2d at 1312. Not surprisingly, Defendant argues that consideration of these factors weighs in favor of the Court denying the motion to amend, while Plaintiffs argue the opposite.

In considering these factors, the Court must keep in mind that:

> the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes.

Sexton, 51 F.Supp.2d at 1313. The Court will consider each of these factors.

**A.   Whether the purpose of the amendment is to defeat federal jurisdiction**

Defendant notes that courts often look at whether a plaintiff knew or should have known the identity of the proposed new defendant at the time the suit was filed. If so, courts will find the purpose of the proposed amendment is to defeat jurisdiction. Plaintiffs respond that they did not know the identities of either defendant until after the case was removed and Defendant produced its Rule 26 disclosures and the claim file. However, Defendant points out that Ms. Bumping had communications with Mr. Dinkel

-5-

as far back as April 2009, including a detailed interview.  Therefore, she should have known of his role in this case well before the case was removed.

While the Court is convinced Plaintiffs may not have known the names of Ms. Marquis and Mr. Dinkel at the time they filed their complaint in state court, it is clear they were aware of the conduct giving rise to their claims against these individuals.  Indeed, the original complaint specifically alleged that a Liberty Mutual adjuster visited Mr. Merrett while he was in the hospital and taking narcotic painkillers and attempted to effect a settlement of the claim.  (Doc. 2, ¶7).  Had Plaintiffs been interested in pursuing claims against the individuals involved in handling the claim, they could have listed them as fictitious defendants until they learned the identities of the claims adjusters.  It was not until the case was removed that Plaintiffs became interested in pursuing claims against the individual adjusters.  This causes the Court some concern regarding Plaintiffs' motive to add the individual defendants at this time.

Moreover, Plaintiffs' method in initiating this litigation and some of the positions taken by Plaintiffs in their Motion to Remand (Doc. 12) cause additional concern.  As noted above, Plaintiffs have chosen an interesting method of instituting this action.  Plaintiffs chose to style the complaint in this case as a third-party complaint.  As such, the caption appears to demonstrate a lack of diversity.  Plaintiff Merrett is not diverse from Ms. Bamping, Ms. Franklin, or Legacy Construction, who are labeled as defendants.  However, Plaintiff Merrett no longer has any claims against any of these parties and therefore, they should not be considered defendants.  Additionally, in their Motion to Remand (Doc. 12), Plaintiffs argue Defendant has not shown the amount in

controversy is over $75,000. Defendant points out, however, that in their Rule 26 disclosures, Plaintiffs alleged they were seeking to recover over three million dollars. Considered together, this conduct leads the Court to believe that destroying diversity is certainly a purpose, if not the purpose, of Plaintiffs' proposed amendment. As such, the undersigned finds the first factor weighs in favor of denying leave to amend.

**B.      Whether Plaintiffs have been dilatory in seeking the amendment**

In evaluating this factor, courts look to the length of time between the case being removed and the plaintiff requesting leave to amend. See Smith v. White Consol. Industries, Inc., 229 F.Supp.2d 1275, 1282 (N.D. Ala. 2002) (finding amendment dilatory when made eleven months after filing suit and ten months after removal). Here, Plaintiffs sought the amendment five months after the suit was filed and four months after removal. Accordingly, the Court is not convinced Plaintiffs have been dilatory in seeking the amendment.

**C.      Whether Plaintiffs will be significantly injured if amendment denied**

The final factor, whether Plaintiffs will be significantly prejudiced if amendment is denied, weighs in favor of Defendant. Plaintiffs claim they will be prejudiced if they are not permitted to add the proposed defendants because "it will be much more difficult to obtain compensation from all of the responsible parties." (Doc. 33, p.5). This is not sufficient to overcome the defendant's right to choose between a state or federal forum. Moreover, during the oral argument, counsel for Plaintiffs spent considerable time arguing Plaintiffs would be prejudiced if they were not permitted to add Crawford as a defendant. Counsel did not argue any prejudice if Plaintiffs were not permitted to add

Ms. Marquis as a defendant. Further, Plaintiffs' only argument regarding adding Mr. Dinkel as a defendant was that they did not know the relationship between Mr. Dinkel and Crawford and perhaps, if Mr. Dinkel were an independent contractor rather than an employee, it would be necessary to have him joined as a party.

The Court does not believe Plaintiffs will be significantly prejudiced if they are not permitted to add Ms. Marquis and Mr. Dinkel as defendants. Plaintiffs are free to pursue any claims they have against these defendants in state court. Moreover, if as Plaintiffs are concerned, it turns out that Mr. Dinkel has a relationship with Crawford such that it becomes necessary to add him, Plaintiffs may then seek leave to amend the complaint.[4] The Court does not believe it would be proper to add him as a party at this time and defeat jurisdiction based on Plaintiffs' concern that he may be an independent contractor of Crawford. Therefore, in weighing the equities, the undersigned finds they tip in favor of Defendant's right to be in federal court. As such, Plaintiffs will not be permitted to amend their complaint to bring claims against Defendants, Ms. Marquis and Mr. Dinkel.

As for Plaintiffs' request to add claims against Crawford, because Crawford is a diverse defendant, Rule 15's liberal standard must be applied. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P. As the Supreme Court further explained in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

---

[4] For this reason, the Court would urge Plaintiffs to conduct discovery regarding the relationship between Crawford and Mr. Dinkel without delay.

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

See also Technical Resource Services, Inc. v. Dornier Medical Systems, Inc., 134 F.3d 1458, 1463 (11th Cir. 1998). The Court finds Plaintiffs' request to add claims against Crawford not to be in bad faith, for purposes of delay, or subject to any of the other Foman caveats stated above. Moreover, the Court does not believe Defendant would be prejudiced by the amendment, but it is free to refute such at trial or in summary judgment proceedings.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiffs' Amended Motion for Leave to File Amended Third Party Complaint (Doc. 29) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

2. Plaintiffs are directed to re-file their amended complaint asserting only the claims against Liberty Mutual and Crawford & Company and file same with the Court no later than **Monday, June 27, 2011**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 16th day of June, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record