UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY ALBERT MERRETT,
HALEY MACKENZIE BAMPING, and
AUDREY ELLZEY FRANKLIN,

    Plaintiffs,

v.                                    Case No.3:10-cv-1195-J-12MCR

LIBERTY MUTUAL INSURANCE
COMPANY, etc., and
CRAWFORD & CO.,

    Defendants.[1]

---

## ORDER

This cause is before the Court on: 1) Liberty Mutual's Motion to Dismiss Amended Complaint (Doc. 42)("Liberty Mutual's motion to dismiss"), filed July 25, 2011, by Defendant Liberty Mutual Insurance Company (Defendant Liberty Mutual); 2) Plaintiffs' memorandum in opposition thereto (Doc. 46), filed on August 5, 2011, by Plaintiffs Anthony Albert Merrett ("Plaintiff Merrett"), Haley MacKenzie Bamping ("Plaintiff Bamping") and Audrey Ellezy Franklin (Plaintiff Franklin"); 3) Motion and Memorandum of Law of Defendant Crawford & Co. to Dismiss Amended Complaint with Prejudice (Doc. 49)("Defendant Crawford's motion to dismiss"), filed August 26, 2011, by Defendant Crawford & Co. ("Defendant Crawford"); 4) Plaintiffs' memorandum in opposition thereto (Doc. 50), filed September 9, 2011; and 5) "Reply of Defendant Crawford ... " (Doc. 55), filed September 30, 2011. The Court conducted a hearing on the motions to dismiss on November 2, 2011.

---

[1] The style of this case now reflects the proper alignment of the parties as agreed at the hearing on November 2, 2011.

For the reasons set forth below, the Court will grant Defendant Liberty Mutual's motion to dismiss, and dismiss Counts I, II and III of Plaintiffs' Amended Complaint[2] (Doc. 38). As to Plaintiffs Bamping and Franklin the dismissal is with prejudice, but it is without prejudice to the right of Plaintiff Merrett to file a second amended complaint to assert any of those claims. The Court will grant in part and deny in part Defendant Crawford's motion to dismiss, and will dismiss Count IV of Plaintiff's Amended Complaint (Doc. 38) with leave to amend and will deny the motion to dismiss as to Count V.

## Background

This case arises out of an automobile accident in which Plaintiff Merrett was injured by a car driven by Plaintiff Bamping causing him to lose part of his right leg. Plaintiff Merrett sued Plaintiffs Bamping and Franklin, (who were both insured by Defendant Liberty Mutual) along with the company that owned the vehicle, in state court. That lawsuit was settled and a consent judgment for $3.25 million was entered against the three defendants. As part of the settlement agreement, Plaintiffs Bamping and Franklin assigned to Plaintiff Merrett any claims they may have had against Defendant Liberty Mutual arising out of its handling of Plaintiff Merrett's insurance claim. See Doc. 1-2 at 13-20.

The case before this Court raises issues related to the handling of Plaintiff Merrett's claim for insurance proceeds as a result of the accident. The parties are before this Court on Defendants' motions to dismiss (Docs. 42 and 49) Plaintiff's Amended Complaint.

Plaintiffs' Amended Complaint asserts five causes of action. In Count I, Plaintiffs

---

[2] The document is entitled "Amended Third-Party Complaint," but as the parties agreed at the hearing on November 2, 2011, there are no third-party claims involved in this case. This Order will refer to Plaintiffs' "Amended Complaint."

Merrett, Bamping, and Franklin assert claims of bad faith against Defendant Liberty Mutual in its handling of the adjustment and defense of Plaintiff Merrett's insurance claim arising from the accident. Defendant Liberty Mutual seeks dismissal of Count I with prejudice only as to the bad faith claims of Plaintiffs Bamping and Franklin. It agrees that Plaintiff Merrett has standing to assert such claim, but seeks dismissal of Count I without prejudice to Plaintiff Merrett's right to reassert the bad faith claim in a second amended complaint.

In Count II, Plaintiffs Bamping and Franklin assert that Defendant Liberty Mutual breached the contract of insurance which required it to pay damages as a result of the bodily injury resulting to Plaintiff Merrett. In Count III, Plaintiffs Bamping and Franklin maintain that Defendant Liberty Mutual breached its fiduciary duty arising from the insurance contract in its handling of Plaintiff Merrett's claim.

In Count IV, Plaintiffs Bamping and Franklin allege that Defendant Crawford unjustifiably (tortiously) interfered with the contractual relationship between Plaintiffs Bamping and Franklin and Defendant Liberty Mutual by improperly adjusting Plaintiff Merrett's insurance claim and interfering with Liberty Mutual's contractual duties such as its duty to pay damages for bodily injury. In Count V, Plaintiffs Bamping and Franklin claim that Defendant Crawford was professionally negligent in its claims adjustment services relating to Plaintiff Merrett's insurance claim against Defendant Liberty Mutual.

The Court now sets out the standard of review and addresses each motion to dismiss in turn.

## Standard of Review

For purposes of deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court accepts the allegations in Plaintiffs' Amended Complaint as true and views the facts in the light most favorable to Plaintiffs. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down E ngineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Fed.R.Civ.P.12(b)(6). The Supreme Court noted that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action and must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. Twombly, 550 U.S at 555 (citations omitted). A complaint must allege enough facts, taken as true, to raise the reasonable expectation that discovery will reveal evidence sufficient to establish the elements of the cause of action. See, id. at 556. The factual allegations must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. See, id. at 557-558. The Supreme

Court expressly rejected the often used standard derived from Conley v. Gibson, 355 U.S. 41 (1957), that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery. Id. at 561-563.

The Supreme Court recently has reiterated Twombly's requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim fo relief that is plausible on its face" and further elaborated on the "plausibility standard," in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted). The Iqbal Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. Id. at 1950. A complaint has *alleged*, but not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

### Liberty Mutual's Motion to Dismiss

Defendant Liberty Mutual seeks dismissal with prejudice of all the claims against it asserted by Plaintiffs Bamping and Franklin on the basis that as part of the settlement of the state court action, they assigned any and all causes of action they had against it to Plaintiff Merrett, and therefore they lack standing to pursue those claims. The Court agrees that the claims Plaintiffs Bamping and Franklin have attempted to maintain against

5

Defendant Liberty Mutual set forth in Counts I, II, and III, fall within the ambit of the assignment of claims to Plaintiff Merrett and are due to be dismissed with prejudice.[3]

In the settlement agreement, Plaintiffs Bamping & Franklin assigned to Plaintiff Merrett "any and all claims or rights of action they have or may have against [Liberty Mutual] and any insurers not currently known, *arising out of the handling of the Merrett claim against them.*" Doc. 1-2 at 15 (emphasis added). The settlement agreement also provides that "any remaining claims that the Defendants [Bamping & Franklin] may have *for bad faith outside of the assignment made to [Merrett]* will be brought as part of the Bad Faith Action." Id.

In the first part of the assignment, Plaintiffs Bamping and Franklin assign to Plaintiff Merrett all claims (bad faith or otherwise) they may have relating to Defendant Liberty Mutual's handling of his insurance claim. The parties to the settlement agreement clearly had contemplated that a cause of action for bad faith against Defendant Liberty Mutual would be asserted by Plaintiff Merrett, as he has done in Count I of the Amended Complaint, and that he would have the right to assert any other claims related to Defendant Liberty Mutual's handling of his insurance claim by virtue of the assignment. The settlement agreement reserves to Plaintiffs Bamping and Franklin only any bad faith claims against Defendant Liberty Mutual, outside the assignment to Plaintiff Merrett, which would be required to be brought as part of a single bad faith action against Defendant Liberty Mutual.

---

[3] Defendant Liberty Mutual has made other arguments in support of dismissal of these claims by Plaintiffs Bamping and Franklin, but because the Court finds that they assigned these claims to Plaintiff Merrett and therefore lack standing to assert them, the Court does not address those arguments.

The Court finds that all the claims in Counts I, II, and III asserted by Plaintiffs Bamping and Franklin against Defendant Liberty Mutual in the Amended Complaint relate to its handling of Plaintiff Merrett's claim for insurance proceeds. As a result, the Court cannot find that those claims fall outside the assignment of claims made to Plaintiff Merrett and therefore they lack standing to assert them. The Court thus will grant Defendant Liberty Mutual's motion to dismiss Counts I, II, and III of the Amended Complaint (Doc. 38). The dismissal is with prejudice as to the claims of Plaintiffs Bamping and Franklin contained in Counts I, II, and III, but without prejudice to the right of Plaintiff Merrett file a second amended complaint asserting those claims as he deems appropriate.[4]

## Crawford's Motion to Dismiss

Defendant Crawford seeks dismissal of the claims against it contained in Counts IV and V of Plaintiff's Amended Complaint. These Counts respectively allege that in performing its claims adjustment activities, Defendant Crawford tortiously interfered with Defendant Liberty Mutual's insurance contract with Plaintiffs Bamping and Franklin, and that it committed professional negligence. The Court addresses each of these counts below.

A. <u>Count IV – Tortious Interference With a Contractual Relationship</u>

Defendant Crawford maintains that because the allegations in Plaintiff's Amended Complaint (Doc. 38) recite that it acted "at the request of" or "on behalf of," that is, as an

---

[4] Even though Defendant Liberty Mutual acknowledges that Plaintiff Merrett has standing to assert the bad faith claim contained in Count I of the Amended Complaint, the Court dismisses it as to him without prejudice as requested by Defendant Liberty Mutual because the Court is of the opinion that a second amended complaint should be filed in this case in any event to properly reflect the appropriate pending claims and alignment of parties as the case moves forward.

7

agent of Defendant Liberty Mutual, then Count IV for tortious interference with a contractual relationship must be dismissed. Defendant Crawford asserts that, as the insurance adjuster, it acted only at the request of and on behalf of Defendant Liberty Mutual, so it was not a stranger to the contractual relationship that arose from the insurance policy at issue, owed no duty to the parties of the contract, and was not the direct cause of any harm because Defendant Liberty Mutual bore the ultimate responsibility to determine whether payment should be made under the insurance policy.

Plaintiffs' Amended Complaint is replete with references to Defendant Crawford acting as an agent of, on behalf of, at the direction of, or at the request of Defendant Liberty Mutual in performing claims adjustment services relating to Plaintiff Merrett's insurance claim. To maintain an action for tortious interference with contractual rights, a plaintiff must establish that a separate entity, third-party or stranger interfered with the contract by influencing, inducing or coercing one of the parties to break the contract. See, e.g. Jarzynka v. St. Thomas University School of Law, 310 F.Supp.2d 1256, 1267 (S.D.Fla. 2004); Richard Betram, Inc. v. Sterling Bank & Trust, 820 So.2d 963, 965-6 (Fla. 4th D.C.A. 2002); R-Stream, LLC v. Wingstop Restauants, Inc., 2009 WL 3294812 at *1 (M.D.Fla. October 13, 2009). An agent acting within its capacity and scope as an agent does not qualify. See, id. Cf Bray v. Gillespie Management, LLC v. Lexington Insurance Company, 527 F.Supp.2d 1355, 1367-68 (M.D.Fla. 2007)(an agent of one of the principals to a contract may be liable for tortious interference where its actions were outside the scope of the agency relationship or not in the best interests of the principal).

Plaintiffs Bamping and Franklin argue that the statement in the Amended Complaint that Defendant Crawford "intentionally and unjustifiably" interfered with the contractual

relationship with Defendant Liberty Mutual takes the actions alleged outside the scope of the agency relationship and therefore is sufficient to state a cause of action. The Court cannot find that this conclusory statement is sufficient to establish that Defendant Crawford was a third-party or stranger to the insurance contract so as to state a cause of action for tortious interference in light of the numerous references throughout the Amended Complaint that Defendant Crawford acted as an agent of, on behalf of, at the direction of, or at the request of Defendant Liberty Mutual in performing claims adjustment services relating to Plaintiff Merrett's insurance claim. The Court will therefore grant Defendant Crawford's motion to dismiss as to Count IV of Plaintiffs' Amended Complaint, but with leave to amend to allege what acts, if any, Defendant committed outside the scope of its agency relationship with Defendant Liberty Mutual.

B. Count V – Professional Negligence

Defendant Crawford urges this Court to dismiss Plaintiffs' Bamping and Franklin's claims for professional negligence contained in Count V of the Amended Complaint for three reasons: 1) a four-year degree is not required under Florida law for insurance adjusters so Crawford was not engaging in a "profession;" 2) it owed no legal duty to Plaintiffs Bamping and Franklin because it was alleged to and did act at all times as an agent for Defendant Liberty Mutual; and 3) its alleged failure to comply with the Florida law regulating insurance adjusters does not give rise to a private cause of action.

The Court has reviewed cases cited by the parties and is of the opinion that Count V of the Amended Complaint states a cause of action. In their claim for professional negligence, Plaintiffs Bamping and Franklin assert that Defendant Crawford breached a duty of care owed to them by allegedly failing to adhere to various

9

standards set forth for insurance adjusters under Florida law as described.

Florida common law allows a person who is injured by the negligence of another to maintain a cause of action based on a violation of a duty of care, and if the negligent party is a professional, the duty of care imposed is to perform services in accordance with the standard of care used by similar professionals in the community under similar circumstances. Moransais v. Heathman, 744 So.2d 973, 975-76 (Fla. 1999)(citations omitted). Defendant Crawford cites Garden v. Frier, 602 So.2d 1273 (Fla. 1992) in support of its position that an essential element of the cause of action of professional negligence is that the profession involved require a four-year college degree. In that case, however, the Florida Supreme Court expressly limited its holding that the definition of "profession" included such degree requirement to cases involving the applicability of the professional malpractice statute. "It is not our intent that this definition be applied to any other reference to 'professionals' or 'professions' elsewhere in the Florida statutes, regulations, or rules, or in court cases that deal with issues other than the statute of limitations [under the Florida professional malpractice statute] at issue here." Id. at 1277. As a result, the Court will deny Defendant Crawford's motion to dismiss as to Count V of the Amended Complaint.

## Conclusion

For the reasons set forth above, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1.  That Liberty Mutual's Motion to Dismiss Amended Complaint (Doc. 42) is granted, and Counts I, II and III of the Amended Complaint (Doc. 38) are dismissed. The dismissal is with prejudice as to Defendants Bamping and Franklin, but without prejudice to the right of Plaintiff Merrett to file a second amended complaint within

twenty (20) days asserting those claims as he deems appropriate; and

2. That the Motion and Memorandum of Law of Defendant Crawford & Co. to Dismiss Amended Complaint with Prejudice (Doc. 49) is granted in part and denied in part. It is granted to the extent that Count IV of the Amended Complaint (Doc. 38) is dismissed with leave to amend within twenty (20) days, and denied as to Count V.

**DONE AND ORDERED** this __6th__ day of January 2011.

*Howell W. Melton*
Senior United States District Judge

c: Counsel of Record