UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY ALBERT MERRETT,
HALEY MACKENZIE BAMPING, and
AUDREY ELLZEY FRANKLIN,

    Plaintiffs,

v.                                                                                  Case No.3:10-cv-1195-J-12MCR

LIBERTY MUTUAL INSURANCE
COMPANY, etc., and
CRAWFORD & CO.,

    Defendants.

---

## O R D E R

This cause is before the Court on: 1) Liberty Mutual's Motion to Dismiss Counts II and III of Second Amended Complaint (Doc. 83)(motion to dismiss), filed February 16, 2012, by Defendant Liberty Mutual Insurance Company (Defendant Liberty Mutual); and 2) Plaintiff's memorandum in opposition thereto (Doc. 85), filed on March 1, 2012, by Plaintiff Anthony Albert Merrett ("Plaintiff Merrett"). For the reasons set forth below, the Court will deny Defendant Liberty Mutual's motion to dismiss.

### Background

This case arises out of an automobile accident in which Plaintiff Merrett was injured by a car driven by Plaintiff Haley MacKenzie Bamping ("Plaintiff Bamping"), causing him to lose part of his right leg. Plaintiff Merrett sued Plaintiffs Bamping and Audrey Ellzey Franklin, (who were both insured by Defendant Liberty Mutual), along with the company that owned the vehicle, in state court. That lawsuit was settled and a consent judgment

for $3.25 million was entered for Plaintiff Merrett and against Plaintiffs Bamping and Franklin, and Defendant Liberty Mutual. See Docs. 1-2 at 13-20 and 18-1. As part of the settlement agreement, Plaintiffs Bamping and Franklin assigned to Plaintiff Merrett any claims they may have had against Defendant Liberty Mutual arising out of its handling of Plaintiff Merrett's insurance claim. See Doc. 1-2 at 13-20, and Doc. 75.

The case before the Court raises issues related to the handling of Plaintiff Merrett's claim for insurance proceeds as a result of the accident. Plaintiffs' Second Amended Complaint (Doc. 76) asserts three causes of action by Plaintiff Merrett against Defendant Liberty Mutual: Count I asserts a claim of bad faith against Defendant Liberty Mutual in its handling of the adjustment and defense of Plaintiff Merrett's insurance claim arising from the accident ("bad faith"); Count II asserts that Defendant Liberty Mutual breached the contract of insurance which required it to pay damages as a result of the bodily injury resulting to Plaintiff Merrett ("breach of contract"); and Count III maintains that Defendant Liberty Mutual breached its fiduciary duty arising from the insurance contract in its handling of Plaintiff Merrett's claim ("breach of fiduciary duty").

Defendant Liberty Mutual seeks dismissal of Plaintiff Merrett's breach of contract and breach of fiduciary claims (Counts II and III) pursuant to Fed.R.Civ.P. 12(b)(6). The Court first sets out the standard of review then addresses the merits of the motion to dismiss.

## Standard of Review

For purposes of deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court accepts the allegations in Plaintiffs' Second Amended Complaint as true and views the facts in the light most favorable to Plaintiff Merrett. See, e.g., Hill v. White, 321 F.3d 1334,

1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Fed.R.Civ.P.12(b)(6). The Supreme Court noted that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action and must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. Twombly, 550 U.S at 555 (citations omitted). A complaint must allege enough facts, taken as true, to raise the reasonable expectation that discovery will reveal evidence sufficient to establish the elements of the cause of action. See, id. at 556. The factual allegations must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. See, id. at 557-558. The Supreme Court expressly rejected the often used standard derived from Conley v. Gibson, 355 U.S. 41 (1957), that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery. Id. at 561-563.

The Supreme Court has reiterated Twombly's requirement that to survive a motion

to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim fo relief that is plausible on its face" and further elaborated on the "plausibility standard," in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted). The Iqbal Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. Id. at 1950. A complaint has *alleged*, but not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

### Liberty Mutual's Motion to Dismiss

Defendant Liberty Mutual seeks dismissal of Counts II and III of Plaintiffs' Second Amended Complaint which allege causes of action for breach of contract and breach of fiduciary duty relating to Defendant Liberty Mutual's handling of Plaintiff Merrett's insurance claim arising from the accident during which he was injured. Plaintiff Merrett asserts these two counts against Defendant Liberty Mutual, in addition to his claim for bad faith, because Plaintiffs Bamping and Franklin assigned to him any claims they had against Defendant Liberty Mutual arising out the handling of his insurance claim during the settlement of litigation in state court. See Doc. 75.

Defendant Liberty Mutual asserts that Plaintiff Merrett's claims for breach of contract

4

and breach of fiduciary duty are unnecessary and duplicative of his bad faith claim. It also maintains that his claim for breach of contract is fatally undermined by the terms of the insurance policy which contains a $50,000 limit for bodily injury liability, while Plaintiff Merrett has alleged that he has suffered damages in the amount of $3.25 million. Defendant Liberty Mutual seeks dismissal of both Counts II and III.

As to Count II for breach of contract, Defendant Liberty Mutual's argument is that as a matter of law, Plaintiff Merrett cannot state a cause of action because he claims total damages in excess of the bodily liability coverage under the policy. The Court does not find this argument persuasive. While it is true that Plaintiff Merrett seeks total damages in excess of the bodily injury policy limits, the alleged existence and entitlement to such excess damages do not undermine the validity of Plaintiff Merrett's breach of contract claim that Defendant Liberty Mutual was obligated to pay damages for bodily injury under the applicable policy and did not do so.

The Court agrees that damages for breach of contract could be limited by the terms of the contract under the authority cited by Defendant Liberty Mutual. See PBSJ Corp. v. Fed. Ins. Co., 347 F.App'x 532 (11th Cir 2009). But that authority does not support the conclusion that because Plaintiff Merrett seeks damages in addition to the policy limits and under other theories of recovery (bad faith and breach of fiduciary duty) his breach of contract claim must be dismissed for failure to state a cause of action. See cases cited Doc. 83 at 6.

In addition, the trier of fact could find that Defendant Liberty Mutual breached the insurance contract without finding it liable for bad faith or breach of fiduciary duty. Therefore, the Court also finds that this claim is not unnecessarily duplicative of the bad

faith claim.

With regard to Plaintiff Merrett's claim for breach of fiduciary duty, Defendant Liberty Mutual asserts that it is based on the same facts and legal theory as his bad faith claim, so is duplicative and should be dismissed. It cites to several Florida federal cases it states have found that claims for breach of the implied duty of fair dealing are duplicative and subsumed by a bad faith cause of action and argues that such rationale likewise applies to a breach of fiduciary duty claim, warranting dismissal in this case.

The Court is not persuaded that the cases cited by Defendant Liberty Mutual support dismissal of Plaintiff Merrett's claim for breach of fiduciary duty. The cited cases involve claims for failure to pay benefits under an insurance policy coupled with claims for breach of the implied covenant of good faith and fair dealing for failure to investigate, process and pay claims in a timely manner. The cases discuss that such common law cause of action no longer exists under Florida law and has been subsumed by the statutory bad faith cause of action, and that a bad faith claim is not ripe until the issue of coverage (breach of contract claim) has been determined. See, e.g., Breedlove v. Hartford Life and Accident Ins. Co., 2011 WL 6132254 at *2-3 (M.D. Fla. December 9, 2011); Trianon Condominium Association, Inc., v. QBE Ins. Corp., 741 F.Supp. 2d 1327, (S.D.Fla. 2010).

The Court notes distinctions in this case. First, the cause of action at issue in this case is breach of fiduciary duty, not breach of implied covenant of good faith and fair dealing which the cited cases recognize has been abolished in the state of Florida. Defendant Liberty Mutual has not cited to any cases where a claim of breach of fiducialry duty was dismissed as duplicative of a claim for bad faith. Also, the issue of the ripeness of the bad faith claim has not been raised as an issue in this case. Finally, as Plaintiff

Merrett points out, the elements of the causes of action of bad faith and breach of fiduciary duty are different and Defendant Liberty Mutual has not argued that those elements have not been properly pled. For these reasons, although factual bases are similar, the Court finds that Plaintiff Merrett's claim for breach of fiduciary duty is not due to be dismissed under the authority cited by Defendant Liberty Mutual.

For the reasons set forth above, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1) That Liberty Mutual's Motion to Dismiss Counts II and III of Second Amended Complaint (Doc. 83) is denied; and

2) That Defendant Liberty Mutual shall have until May 21, 2012, to file its answer to Plaintiffs' Second Amended Complaint.

**DONE AND ORDERED** this __26th__ day of April 2012.

*Howell W. Melton*
Senior United States District Judge


c:   Counsel of Record