UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY ALBERT MERRETT, et al.,

    Plaintiffs,

vs.                                            Case No.  3:10-cv-1195-J-12MCR

LIBERTY MUTUAL INSURANCE
CORPORATION and CRAWFORD &
COMPANY,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition (Doc. 100) filed June 21, 2012.  Defendant, Liberty Mutual Insurance Corporation ("Liberty"), filed a response in opposition on June 27, 2012.  (Doc. 102).  Accordingly, the matter is ripe for judicial review.

## I. BACKGROUND

This case stems from an automobile accident in which Plaintiff, Anthony Merrett, was injured by a car driven by Haley Bamping.  Mr. Merrett filed suit against Ms. Bamping and Audrey Franklin (who were both insured by Defendant, Liberty Mutual) and Legacy Construction of Jax, Inc. (the owner of the vehicle driven by Ms. Bamping).  That lawsuit was eventually settled and a consent judgment was entered against the three defendants.  As part of the settlement agreement, Ms. Bamping and Ms. Franklin

assigned to Mr. Merrett "any and all claims or rights of action they [had] or may have [had]" against Liberty.

After the consent judgment was entered, Mr. Merrett, Ms. Bamping, and Ms. Franklin instituted the present litigation against Liberty alleging bad faith, breach of contract, and breach of fiduciary duty. Rather than file a new case or an amended complaint in the existing state court litigation, the Plaintiffs elected to file a third-party complaint in the existing state court litigation. After being served with the new complaint against it, Defendant removed the case to this Court.

Back in November 2011, Plaintiffs filed their first Motion to Compel (Doc. 56) seeking production of documents from the Merrett v. Bamping claim file. Defendant responded that Plaintiffs were attempting to discover documents protected by the attorney-client privilege. Plaintiffs argued the attorney-client privilege did not apply because the documents he was seeking were prepared prior to entry of the November 18, 2010 consent judgment in the Merrett v. Bamping case. The undersigned did not agree and instead found the privilege protected attorney-client communications regardless of the date they were created. (Doc. 72, p.7).

The instant Motion to Compel seeks an Order directing Defendant, Liberty, to produce its employee, Robert Vaughn, for deposition and to compel Mr. Vaughn to answer questions regarding "his involvement in the subject claim up to November 18, 2010." (Doc. 100, p.6). Defendant objects on the grounds that Mr. Vaughn is an attorney who provided it with legal advice regarding the handling of the claim. As such,

Defendant argues Mr. Merrett is again attempting to discover privileged communications.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

As noted above, Plaintiff has already attempted to obtain attorney-client privileged information and the undersigned has ruled it is not entitled to do so.  Plaintiff has not pointed to any new case law which persuades the undersigned to change the earlier ruling.  Accordingly, for the same reasons it denied Plaintiff's earlier Motion to Compel (Doc. 56), the Court will deny the instant Motion to Compel (Doc. 100).  The Court will not compel Mr. Vaughn to disclose any privileged communications.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Deposition (Doc. 100) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __28th__ day of June, 2012.

                                               MONTE C. RICHARDSON
                                               UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record