**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTHONY ALBERT MERRETT,

    Plaintiff,

vs.                                                        Case No:  3:10-cv-1195-J-34MCR

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Disqualify Counsel (Doc. 139) filed May 20, 2013.  Plaintiff filed a response in opposition to the motion on May 31, 2013 (Doc. 142).  The undersigned conducted a hearing on the Motion on June 12, 2013, with counsel for all parties present.  Accordingly, the matter is now ripe for judicial review.

## **I.   BACKGROUND**

This case arises out of an automobile accident that occurred on March 10, 2009. Plaintiff, Anthony Merrett, was injured by a car driven by Haley Bamping ("Bamping"), causing him to lose part of his right leg.  Plaintiff sued Bamping and the two owners of the vehicle, Bamping's grandmother, Audrey Franklin ("Franklin"), and their family company, Legacy Construction of Jax., Inc. ("Legacy"), in state court.  Only Bamping and Franklin were insured by Defendant, Liberty Mutual Insurance Company.  That lawsuit was settled and a consent judgment in the amount of $3.25 million was entered in favor of Plaintiff and against Bamping, Franklin, and Legacy.  As part of the

settlement agreement, Bamping and Franklin assigned to Plaintiff any claims they may have had against Defendant Liberty Mutual arising from its handling of Plaintiff's insurance claim.

The case presently before the Court raises issues regarding Defendant's attempt to settle Plaintiff's claim for insurance proceeds and to obtain a release from further liability for its insureds, Bamping and Franklin, by tendering a check for the $50,000 bodily injury policy limits to Plaintiff. According to Plaintiff, Defendant's tender of the policy limits was deficient for numerous reasons, including that the check improperly included Shands Hospital as a payee and the release Plaintiff would have been required to sign included Legacy, even though it was not insured by Defendant. Plaintiff is asserting three claims against Defendant: (1) bad faith against Defendant for its handling of the adjustment and defense of Plaintiff's insurance claim on behalf of its insureds, Bamping and Franklin; (2) breach of the contract of insurance, which required Defendant to pay damages as a result of the bodily injury resulting to Plaintiff; and (3) breach of Defendant's fiduciary duty to its insureds, Bamping and Franklin, for its handling of Plaintiff's insurance claim.

On March 27, 2013, the Court denied Defendant's Motion for Summary Judgment. (Doc. 132). Thereafter, on April 9, 2013, the parties requested the Court set the case for a pretrial conference. (Doc. 133). The pretrial conference is currently scheduled for September 23, 2013.

On May 20, 2013, Defendant filed the instant motion seeking an Order disqualifying counsel for Plaintiff, Robert Spohrer, on the grounds that he will be a material, necessary, and indispensable witness at the trial. (Doc. 139). According to

Defendant, a dispositive issue in the case will be Plaintiff's willingness to settle (i.e. Plaintiff's willingness to accept Defendant's tender of the $50,000.00 policy limits in exchange for a release of Defendant's insureds). Defendant contends that if it can be shown Plaintiff was never willing to settle within the policy limits, then no matter what Defendant would have or could have done, it had no opportunity to settle and therefore, cannot be liable for bad faith. Defendant argues that once Mr. Spohrer was hired in mid-June 2009, he was "the critical decision maker with respect to settlement." (Doc. 139, p.7). As such, Defendant believes "[n]o other person can provide testimony on that subject other than Robert Spohrer." Id. Defendant further notes that Spohrer's testimony will be in direct conflict with Plaintiff's current position and allowing Spohrer to represent Plaintiff and testify will be prejudicial to Defendant. Accordingly, Defendant asks that Spohrer be disqualified.

Plaintiff responds that Spohrer is not a necessary witness because the focus in a bad faith claim is not on whether the injured individual was willing to settle, but rather, on what the insurer did or did not do to protect its insured. Further, Plaintiff notes that he has no intention to call his attorney. Instead, it is Defendant who intends to call him. Plaintiff has no objection to having his attorney called to testify and argues that the rules of professional conduct do not require the disqualification of his counsel in the current situation. Plaintiff also argues that Spohrer's testimony will not be adverse to Plaintiff's position. Finally, Plaintiff objects to Defendant's contention that it will be prejudiced by counsel for Plaintiff testifying. Plaintiff takes the position that Defendant cannot complain about prejudice if it is the one intending to call counsel for Plaintiff as a witness. Therefore, Plaintiff argues that disqualification is not warranted.

## II. ANALYSIS

As an initial matter, the Court notes that the party moving to disqualify has the burden of proving grounds for such. Etkin & Co., Inc. v. SBD LLC, 11-21321-CIV, 2012 WL 5398966, *2 (S.D. Fla. Nov. 5, 2012). Further, "[d]isqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes." Id.

### A. Rule 4-3.7 of the Rules Governing the Florida Bar

Defendant argues that Spohrer's disqualification is mandated by Rule 4-3.7 of the Rules Governing the Florida Bar. That rule provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness **on behalf of the client** unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

Fla. Bar Reg. Rule 4–3.7 (emphasis added). Defendant takes the position that this rule requires Spohrer be disqualified because he will be a necessary witness on the issue of willingness to settle. Further, Defendant argues it will be prejudiced if Spohrer acts as trial counsel and testifies as a witness. Plaintiff responds that Rule 4.3-7 is inapplicable as Plaintiff has no intention of calling Spohrer as a witness, rather it is Defendant who intends to do so.

As the Etkin court observed:

> The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness. Thus, where the client does not intend to call his attorney as a witness, Rule 4-3.7 is not implicated.

Id. (internal citations omitted).  Additionally, "[t]he requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel." AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 680 (Fla. DCA 2006).

As Plaintiff has asserted he will not call Spohrer as a witness, the undersigned finds Rule 4-3.7 is not applicable in this matter.  This, however, does not end the Court's inquiry.  In such a situation, the party intending to call the attorney as a witness and seeking disqualification has the burden to show that the testimony to be given by the attorney would be "'sufficiently adverse to the factual assertions or account of events offered on behalf of the client.'"  Id. (quoting Allstate Insurance Co. v. English, 588 So.2d 294, 295-96 (Fla. 2d DCA 1991).  Additionally, when it is the party seeking disqualification who intends to call the attorney as a witness, that party has the burden to show the attorney is a necessary witness.  Etkin & Co., Inc., 2012 WL 5398966, at *3 (quoting Silvers v. Google, Inc., No. 05-80387-CIV, 2007 WL 141153, *1 (S.D. Fla. 2007).  The Court will now consider whether Defendant has met its burden to make these showings.

**B.    Whether Spohrer is a necessary witness and his expected testimony is sufficiently adverse to Plaintiff's factual assertions or account of events**

Defendant argues Spohrer is a necessary witness because the issue of whether Plaintiff was willing to settle is a central issue to the case.  Plaintiff, on the other hand, argues that the focus in bad faith claims is on the conduct of the insurance company, not the plaintiff.  The Court agrees with Defendant that whether Plaintiff was willing to settle is a relevant issue in the case and Spohrer may be able to provide testimony on that issue.  As such, Spohrer may be a necessary witness.  The Court, however, is not

convinced Defendant has made a showing that Spohrer's testimony will be sufficiently adverse to Plaintiff's factual assertions or account of events to warrant his disqualification.

Defendant argues Spohrer's testimony is adverse to Plaintiff's position because during his deposition, Spohrer testified that the window of time for Defendant to have cured its defective tender and for Plaintiff to have been willing to accept policy limits expired before Spohrer became involved in the case. (Doc. 139, p.9). According to Defendant, this is adverse to Plaintiff's position that he remained willing to settle until filing the lawsuit on July 28, 2009.

During the hearing, counsel for Plaintiff, Spohrer, explained that his testimony in the deposition was simply his opinion as to what Defendant should have done with respect to retendering the check. He opined Defendant should have retendered the check within 30 to 45 days after Mr. Fagan's April 29, 2009 letter returning the check. Further, counsel for Plaintiff indicated that any testimony regarding what Plaintiff would have done had Defendant tendered a proper check would be based on pure speculation as Defendant never did so. Counsel for Plaintiff indicated he may need to file a motion *in limine* to exclude any such questioning as it would be improper.

The Court does not believe Defendant has met its burden to show Spohrer's testimony will be sufficiently adverse to his client's factual assertions or accounts of events. Defendant argues Spohrer's testimony will be coupled with Fagan's testimony that Plaintiff was not willing to settle while he was counsel, and Plaintiff's testimony that while he was unrepresented, he would not have settled. Defendant believes that the testimony from these three individuals will show that at no time was Plaintiff willing to

settle.  The Court first notes that Defendant did not provide the Court with either Plaintiff's or Fagan's proposed testimony.  Further, as far as the Court is aware, Spohrer never testified and will not at trial testify that Plaintiff was not willing to settle at any time during his representation of Plaintiff.  Had Spohrer provided such testimony, the Court might agree with Defendant's position that his testimony would be adverse to Plaintiff's assertions.  Instead, during his deposition, Spohrer was asked if he knew what Plaintiff would or would not have done had a retender occurred.  (Doc. 139, Ex. 1, p.37).  Spohrer responded:

> Nobody ever had the opportunity to have that conversation with him.  I can tell you that had a proper tender been made, Mr. Fagan would have had that conversation with him, and/or if I were involved and brought in, I would have had that conversation with him and said: Look, unfortunately, the people responsible for your terrible injury are not financially responsible, and the only available coverage here is this $50,000 policy.  And the insurance company has handled it properly.  They have, you know, allowed us to, you know, satisfy ourselves that there's nothing else there.  They've cured the defect in the way the check was originally cut, and they have asked for release only of their insureds, not of someone who is not their insured.
>
> And we would also talk about whether there was any medical negligence, whether there was any product defect and all that.  And it's a sad conversation, you know, when you say: Look, I'm terrible [sic] sorry you've lost a loved one, you've lost a limb, whatever, and the system is not going to provide you with adequate compensation, but this is all that there is.
>
> That conversation never occurred because the information was not forthcoming from Liberty Mutual to allow Merrett to have that conversation with either Mr. Fagan or with me.  That was a very long way around of answering your question of what would Mr. Merrett have done.

(Doc. 139, Ex. A pp.37-38).  Neither this testimony nor Spohrer's testimony that in his opinion, Defendant should have retendered a check within 30 or 45 days from Mr.

Fagan's return of the original check rise to the level of being sufficiently adverse to warrant the very drastic remedy of disqualification of Plaintiff's counsel, which "'denies a party the counsel of its choice'" and can cause a "'material injury.'" Etkin & Co., Inc., 2012 WL 5398966, at *2 (quoting Gonzalez ex rel. Colonial Bank v. Chillura, 892 So.2d 1075, 1076-77 (Fla. 2d DCA 2004)).  Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Amended Motion to Disqualify Counsel (Doc. 139) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this ___12th___ day of June, 2013.

                                                MONTE C. RICHARDSON
                                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record