**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY ALBERT MERRETT,

     Plaintiff,

         v.                     Case No.3:10-cv-1195-J-12MCR

LIBERTY MUTUAL INSURANCE
COMPANY, etc.,

     Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on Defendant Liberty Mutual's Motion for

Reconsideration of the Court's Order Denying Summary Judgment on Counts II

(Breach of Contract) and III (Breach of Fiduciary Duty) (Doc. 154, Motion for

Reconsideration), and Plaintiff's Response and Memorandum of Law in Opposition

to Defendant's Motion to Reconsider the Order Denying Summary Judgment (Doc.

163, Response).  In its Motion for Reconsideration, Defendant asks this Court to

reconsider and reverse the portion of the Order denying summary judgment as to

Plaintiff's breach of contract (Count II) and breach of fiduciary (Count III) claims (Doc.

132, Summary Judgment Order), and to dismiss those claims as redundant and

duplicative of Plaintiff's bad faith claim (Count I).  Specifically, Defendant requests that

the Court exercise its discretion to modify or rescind the non-final Summary Judgment

Order, citing to several non-binding cases decided after the Summary Judgment Order was entered.  <u>See</u> Motion for Reconsideration at 1.

A court may modify or rescind an interlocutory or non-final order at any time before entry of  final judgment.  <u>See</u> <u>Bon Air Hotel, Inc. v. Time, Inc.</u>, 426 F.2d 858, 862 (5th Cir. 1970)[1](citing <u>John Simmons Co. v. Grier Bros. Co.</u>, 258 U.S. 82, 88 (1922)).   Additionally, Rule 54(b), Federal Rules of Civil Procedure (Rules(s)) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment...."  Thus, the Court has the authority to reconsider the Summary Judgment Order.

The decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the Court.  <u>See</u> <u>Horowitch v. Diamond Aircraft Indus., Inc.</u>, Case. No. 6:06-cv-1703-Orl-19KRS, 2009 WL 1537896 at *2 (M.D.Fla., June 2, 2009).  This is the same standard applied to reconsideration of final orders pursuant to Rules 59(e) or 60(b), but the time limits under those Rules are not applicable to the reconsideration of a non-final order.  <u>See</u> <u>id.</u>  "The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered, evidence, or to prevent manifest injustice."  <u>Id.</u> at *3 (citation omitted).

---

[1]     In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"[T]he moving party must set forth facts of a strongly convincing nature to induce the Court to reverse its prior decision." Id. (citation omitted).

The Court previously denied Defendant's Motion to Dismiss Counts II and III of Second Amended Complaint (Doc. 83) by Order (Doc. 88, Motion to Dismiss Order) entered April 27, 2012.  In doing so, the Court declined to dismiss Plaintiff's breach of contract and breach of fiduciary duty claims on the basis that they were unnecessarily duplicative of the bad faith claim.  See Motion to Dismiss Order at 5-7. The Court also declined to dismiss those claims on summary judgment based upon the supplemental authority cited, and determined that genuine issues of material fact precluded summary judgment as to all of Plaintiff's claims.  See Summary Judgment Order at 9-10.

This case is scheduled for Final Pretrial Conference September 19, 2013, and an October, 2013 trial term.  See Doc. 165, Order.  The Court has reviewed additional authority cited by Defendant in support of its Motion for Reconsideration, and while it is relevant and cogent, the Court does not find that it warrants rescinding or reversing the Summary Judgment Order to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice at this late stage of the proceedings.[2]  Accordingly, it is

---

[2]        Defendant may consider whether to raise the issue again at trial on a motion for judgment as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure.

**ORDERED**:

Defendant Liberty Mutual's Motion for Reconsideration of the Court's Order

Denying Summary Judgment on Counts II (Breach of Contract) and III (Breach of

Fiduciary Duty) (Doc. 154) is **DENIED**.

      **DONE AND ORDERED** in Jacksonville, Florida, this 19th  day of September,
2013.


**MARCIA MORALES HOWARD**
United States District Judge


Copies to:   Counsel of Record