**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY ALBERT MERRETT,

     Plaintiff,

         v.                     Case No.3:10-cv-1195-J-34MCR

LIBERTY MUTUAL INSURANCE
COMPANY, etc.,

     Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on Defendant Liberty Mutual's Objections and Appeal from [Magistrate Judge's] Order Denying Its Motion to Disqualify Plaintiff's Counsel (Doc. 150, Objections), and "Plaintiff's Response and Memorandum of Law in Opposition ..." (Doc. 151, Response).  Pursuant to Rule 72, Federal Rule of Civil Procedure 72 (Rule(s)), and 28 U.S.C. § 636, Defendant asks this Court to review and reverse the Order (Doc. 147, Order) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on June 12, 2013.  The Order denies Liberty Mutual's Amended Motion to Disqualify Robert Spohrer as Plaintiff's Counsel During Trial (Doc. 139, Motion to Disqualify).  See Order at 8.  Defendant does not object to the legal test utilized by the Court, but maintains that several of the Magistrate Judge's findings of fact were clearly erroneous.  See Objections at 1 and 2.

Inasmuch as the Magistrate Judge's June 12, 2013 Order on Defendant's Motion to Disqualify does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).  As such, to prevail on its Objections, Defendant must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law.  See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[2] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung

---

[1]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2]     "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3]

The Court has carefully reviewed the relevant portions of the record, which include: 1) the parties' submissions on the Motion to Disqualify,[4] 2) the Magistrate Judge's June 12, 2013 Order, 3) the transcript of the June 12, 2013, hearing on the Motion to Disqualify (Doc. 148), 4) Defendant's Objections and 5) Plaintiff's

---

[3]     The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").

[4]     Defendant submitted the deposition of Plaintiff's counsel Robert Spohrer, Esq. in support of the Motion to Disqualify. See Doc. 139-1.

Response.  For the reasons set forth in the Order, as well as those below, the Court finds no error, much less clear error, in the Magistrate Judge's Order.  Additionally, the Court further finds that the Order is not contrary to law.  Therefore the Court will overrule Defendant's Objections.

As the party moving for disqualification, Defendant bears the burden of proving the grounds for disqualification according to the standards imposed by the Rules Regulating The Florida Bar, Rules of Professional Conduct.  <u>See</u> <u>Etkin & Co., Inc. v. SBD LLC</u>, 11-21321-CIV, 2012 WL 5398966 at *2 (S.D.Fla. Nov. 5, 2012) and cases cited therein.  "Disqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes."  <u>Id.</u> (citations omitted).  Because disqualification denies a party counsel of its choice, it is a material injury without remedy on appeal, and for that reason, certiorari is available under Florida law to review an order disqualifying counsel.  <u>See</u> <u>id.</u> and cases cited therein.

Defendant seeks disqualification of Plaintiff's counsel Robert Spohrer, Esq. (Spohrer) and John Fagan, Esq. (Fagan)[5] for purposes of trial on three (3) bases: 1) Defendant intends to call them as necessary trial witnesses to support its position that Plaintiff was unwilling to settle his insurance claim for policy limits at any time before

---

[5]    The Magistrate Judge's Order does not determine whether Fagan is subject to disqualification.  Defendant's Motion to Disqualify did not specifically request Fagan's disqualification because there was no indication that Fagan would act as trial counsel, but did note that he would be subject to disqualification on the same grounds as Spohrer.  <u>See</u> Motion to Disqualify at 11,n.7.

filing suit, 2) their testimony will be adverse to Plaintiff, and 3) permitting Plaintiff's trial counsel to testify at trial will be unfairly prejudicial to Defendant.  <u>See</u> Motion to Disqualify at 3-4.

In the Motion to Disqualify, Defendant asserts that Rule 4–3.7 of the Rules Regulating the Florida Bar requires disqualification of Spohrer.[6]  Rule 4–3.7 provides in pertinent part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

The Magistrate Judge found that because Plaintiff stated that he will not call Spohrer as a witness, Rule 4-3.7 is not implicated.[7]  <u>See</u> Order at 5 ("The focus of the analysis under Rule 4–3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness.  Thus, where the client does not intend to call the attorney as a witness, Rule 4-3.7  is not implicated.")(citing <u>Etkin</u>, 2012 WL 5398966 at *3 (citations omitted)).

---

[6]    This Rule is the basis for Fagan's disqualification as well.

[7]    As previously noted, the Order discusses only Spohrer, not Fagan.  Nevertheless, Plaintiff has agreed that if the Court overrules the Objections and counsel are not disqualified, that he will not call either Spoher or Fagan in his case in chief or in rebuttal.  <u>See</u> Doc. 152, Defendant Liberty Mutual's Unopposed Motion in Limine to Exclude Robert Spohrer and John Fagan as Witnesses in Plaintiff's Case-In-Chief and/or Rebuttal.

Nevertheless, the Magistrate Judge went on to evaluate whether Defendant established that Spohrer was a necessary witness whose testimony would be sufficiently adverse to Plaintiff's interests to require disqualification.[8] <u>See</u> Order at 5. The Magistrate Judge found that Plaintiff's willingness to settle is a relevant issue in the case for which Spohrer may be able to provide testimony, so that he may be a necessary witness, but that Defendant had not established that his testimony would be sufficiently adverse to Plaintiff's interests to warrant disqualification. <u>See</u> Order at 5-8.

Here, Defendant objects to the Magistrate Judge's findings and conclusions that: 1) Spohrer's testimony would not be adverse to Plaintiff's interests, especially when evaluated in light of Fagan's testimony, 2) Spohrer's testimony regarding the window of time a settlement might have been accomplished was speculative or

---

[8]     Defendant does not object to the legal conclusion that Rule 4-3.7 is inapplicable and agrees that the Magistrate Judge applied the appropriate legal test. <u>See</u> Objections at 1 and 2.   The Court concurs. As discussed in <u>Etkin</u>, whether the lawyer is called as a witness on behalf of the client or by the opposing party, in order to determine if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider whether the dual role gives rise to a conflict of interest, that is, whether there is substantial conflict between the testimony of the lawyer and client, requiring compliance with Rule 4–1.7 of the Rules Regulating The Florida Bar.  <u>See</u> 2012 WL 5398966 at *6-7 and authority cited therein. Even if a conflict of interest exists, Rule 4-1.7 permits the client  to waive the conflict by giving informed consent to the representation. <u>See id.</u>
     The Court notes some authority for the applicability of Rule 4-3.7 to the situation where opposing counsel calls the client's attorney as a witness.  In <u>Scott v. State</u>, 717 So.2d 908, 909, n.8 (Fla. 1998), the Florida Supreme Court notes that Rule 4-3.7 addresses the conflict that arises when a lawyer is called as a witness by the opposing side to testify against a private client.  Nevertheless, the legal analysis applied by the Magistrate Judge  is correct whether that Rule is found to apply or not.  The Court still must determine whether the lawyer's testimony is necessary and whether it is sufficiently adverse to the client's interests to require disqualification under rules of professional conduct.

opinion testimony, and 3) Defendant had not provided the Court with either Fagan's or Plaintiff's proposed testimony.[9]  Objections at 3-4.

Defendant asserts that it intends to call Spohrer and Fagan as witnesses at trial.   Defendant contends that their testimony is necessary, central, and/or indispensable regarding the issue of Plaintiff's willingness to settle his personal injury claim for the $50,000 policy limits in exchange for the release of Defendant's insureds at any time before Plaintiff filed this suit.  This issue, Defendant contends is critical, because it is Defendant's position that because Plaintiff was unwilling to settle, Defendant is not liable for bad faith in handling Plaintiff's claim, or the resulting excess judgment entered against its insureds.[10]

In response, Plaintiff maintains that neither counsels' testimony will be adverse to Plaintiff's position that Defendant never made a valid tender of the insurance policy limits before suit was filed, and that Defendant did not act in the best interests of its insureds when it attempted to settle the claim.  Plaintiff also asserts that counsels' testimony does not support Defendant's position that Plaintiff would not have settled the claim under any circumstances because after retaining counsel, Plaintiff's strategy

---

[9]     The Order does not address specifically Defendant's assertion of prejudice if counsel is not disqualified.  However, Defendant has not objected to the Order on that ground.  Moreover, the Court's review of the record and applicable law does not support a finding that Defendant will be prejudiced by calling Plaintiff's trial counsel as witnesses at trial such that disqualification of counsel is an appropriate remedy.

[10]     The parties agree that this issue is relevant to determining whether Defendant acted in bad faith in its attempts to settle the claim, but disagree about whether it is a defense that must be proven by Defendant or is an element of causation for which Plaintiff bears the burden in his bad faith claim.  See Objections at 2, n.1.  The Court need not resolve this issue in reviewing the Magistrate Judge's Order.

was to pursue a bad faith claim in order to recover damages in excess of the policy limits.  Regardless, Plaintiff states that he has no objection to Defendant calling either counsel as a witness at trial, subject to the rules of evidence.  <u>See</u> Response at 3.

The Court will overrule Defendant's objections.  In doing so, the Court is mindful that disqualification of counsel is an extraordinary remedy that would deny Plaintiff his chosen counsel at a late stage in the proceedings.

Defendant's first and second objections concern the Magistrate Judge's findings about the nature of Spohrer's testimony: that it would not be sufficiently adverse to Plaintiff's interests to merit disqualification and that certain portions of the deposition testimony represented Spohrer's speculation or opinion about what would have happened if Defendant had made a valid tender.  The Court has reviewed the parties' submissions regarding the Motion to Disqualify, which include Spohrer's deposition, along with excerpts and descriptions or summaries of the testimony of Spohrer, Fagan and Plaintiff, as well as the depositions of Plaintiff and Fagan which were submitted to the Court separately.  The Court concurs with the Magistrate Judge's characterization of portions of Spohrer's testimony as opinion or speculation based on what might have happened had Defendant made what he considered to be a timely valid tender of the policy limits, as well as the conclusion that Defendant has not established by the referenced testimony sufficient adversity to Plaintiff's interests to warrant disqualification.  Plaintiff, Fagan, and Spohrer all make statements which support Plaintiff's position that the circumstances surrounding Defendant's tender of

the check (while Plaintiff was hospitalized) as well as concerns about its validity (the addition of co-payee and reference to the release of a party who was not insured by Defendant) raised questions which precluded Plaintiff from accepting it as a final settlement of his insurance claim and granting release to Defendant's insureds. Defendant may present evidence in accordance with the Federal Rules of Evidence and argue otherwise, but simply has not made the case that counsel's testimony will be sufficiently adverse to Plaintiff's interests to require disqualification.

Defendant's third objection relates to the statement in the Order that Defendant did not provide the Court with either Fagan's or Plaintiff's testimony. The Court views such statement not so much as a finding of fact, but more as a reference to the fact that although Defendant quoted and summarized the testimony of Plaintiff, Fagan, and Spohrer in its Motion to Disqualify, Defendant attached only Spohrer's deposition to the motion, not those of either Fagan or Plaintiff. Nevertheless, the Magistrate Judge considered Defendant's arguments and submissions regarding the potential adverse interest to Plaintiff posed by the trial testimony of Fagan and Spohrer, and in the Court's opinion, reached the correct conclusion.

For the foregoing reasons, the Court will overrule Defendant's Objections. Accordingly, it is

**ORDERED**:

1.     Defendant Liberty Mutual's Objections and Appeal from [Magistrate
Judge's] Order Denying its Motion to Disqualify Plaintiff's Counsel (Doc.
150) are **OVERRULED.**

2.     Magistrate Judge Richardson's June 12, 2013 Order (Doc. 147) is
**AFFIRMED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of September,
2013.

MARCIA MORALES HOWARD
United States District Judge

Copies to:   Counsel of Record